**UNITED STATES of America,**
**Appellee,**

v.

**John FASANO, Joseph Pignatiello,**
**Defendants–Appellants.**

**Nos. 00–1006, 00–1109.**

United States Court of Appeals,
Second Circuit.

Nov. 27, 2001.

Joshua Dratel, Joshua L. Dratel, P.C., New York, NY; Martin J. Siegel, New York, NY, for defendant-appellant John Fasano.

Francisco Celedonio, New York, NY, for defendant-appellant Joseph Pignatiello.

Timothy Coleman, Assistant United States Attorney for the Southern District of New York, New York, NY, for appellee.

Present CARDAMONE, PARKER, Circuit Judges, and MURTHA, District Judge.*

---

* The Honorable J. Garvan Murtha, of the United States District Court for the District of

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED IN PART.

Defendants-appellants, John Fasano ("Fasano") and Joseph Pignatiello ("Pignatiello"), appeal from judgments of conviction and sentences imposed on December 29, 1999 and February 8, 2000, respectively, in the United States District Court for the Southern District of New York (Sand, J.), following a twelve day jury trial.

A three count indictment was filed against Pignatiello and Fasano. Count One charged them with conspiracy to commit securities fraud, wire fraud, and commercial bribery, in violation of 18 U.S.C. section 371; Count Two charged them with wire fraud, in violation of 18 U.S.C. sections 1343 and 1346; Count Three charged them with commercial bribery, in violation of the Travel Act, 18 U.S.C. section 1952(a)(3).

The government sought to prove that Pignatiello and Fasano engaged in a scheme to manipulate the stock of a publicly traded company called Spaceplex International Amusement Centers, Ltd. ("Spaceplex"). In connection with that scheme, Pignatiello and Fasano sought to bribe an undercover FBI agent, who was posing as a corrupt stockbroker, to sell Spaceplex stock to retail customers at an artificially inflated price. The plan was intended to generate substantial profits for Pignatiello, Fasano, and the undercover agent, all of whom would sell their own secret holdings of Spaceplex stock—provided to them by Spaceplex at no cost—at an artificially high price. The plan was also intended to benefit Spaceplex and its principal, James Manas, by laying the foundation for future

offerings of Spaceplex stock at the inflated price.

■ Defendants raise several issues on appeal. After careful review we have concluded the following. The district court did not abuse its discretion in limiting the cross-examination of the undercover FBI agent. *See United States v. Salameh*, 152 F.3d 88, 131 (2d Cir.1998)(per curiam). The only duty that needed to be proved was the legal duty of honest services owed by the undercover agent to his clients, *see United States v. Sancho*, 157 F.3d 918, 922 (2d Cir.1998)(per curiam), and the government's proof was sufficient to establish that duty. Defendants other arguments regarding the government's proof are without merit.

■ Further, the district court did not abuse its discretion in denying a mistrial inasmuch as its curative instruction was a proper alternative. *See United States v. Fermin*, 32 F.3d 674, 677 (2d Cir.1994). The similar act evidence was properly admitted, *see United States v. Pipola*, 83 F.3d 556, 566 (2d Cir.1996), and the court's instruction was sufficient to prevent any prejudice to Fasano. Additionally, the government's rebuttal summation did not constitute "egregious misconduct" warranting reversal. *United States v. Shareef*, 190 F.3d 71, 78 (2d Cir.1999).

Regarding defendants' sentencing arguments, we defer to the district court's findings of fact and application of the guidelines. *See United States v. Molina*, 106 F.3d 1118, 1121 (2d Cir.1997). Finally, *Apprendi* does not apply to the sentence imposed on Pignatiello. *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Vermont, sitting by designation.

For the reasons set forth above, the judgment of the district court is AFFIRMED IN PART.[1]

---

**1.** We address the merits of the district court's loss calculation in an opinion filed separately.